# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3337

_____

Firepond Liquidating Trust,      *
     *
        Plaintiff - Appellant,      *
     *
     v.      *    Appeal from the United States
     *    District Court for the District of
Vigilant Insurance Company; Federal      *    Minnesota.
Insurance Company,      *
     *    [UNPUBLISHED]
        Defendants - Appellants.      *

_____

Submitted: May 15, 2008
Filed: July 2, 2008

_____

Before LOKEN, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Firepond Liquidating Trust appeals the district court's[1] grant of summary judgment, holding Vigilant Insurance Company and Federal Insurance Company (Chubb)[2] had no duty to defend or indemnify Firepond, Inc. against a suit brought by General Motors Corporation (GM). We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[2]Vigilant and Federal are part of the Chubb Group of Insurance Companies.

In 1994, Firepond, Inc.,[3] a Minnesota-based computer technology firm, entered into an agreement with GM to provide computerized sales and marketing information. The agreement allowed Firepond to terminate if GM failed to make timely payments. In early 2000, a billing dispute arose. Firepond notified GM it intended to terminate the agreement if GM did not cure the default within ten days. GM, believing it had thirty days to bring its accounts current, failed to make payment. Firepond notified GM the agreement was terminated and invited it to renegotiate a new agreement. Firepond and GM reached a new agreement which was more favorable to Firepond. GM reluctantly agreed to the new terms but expressly stated it was not in breach and had been coerced into renegotiating.

GM sued Firepond alleging, among other claims, breach of contract. Firepond tendered defense of the litigation to Chubb under an Electronic and Information Technology Errors or Omissions policy. Chubb refused the tender claiming GM's complaint did not allege a wrongful act as defined by the policy, and did not allege Firepond negligently failed to perform electronic and information technology services.

Firepond brought this action against Chubb and both sides moved for summary judgment. The district court granted Chubb's motion for summary judgment, finding GM's breach of contract claim did not allege acts covered by the policy. Specifically, the claim did not allege wrongful acts "arising out of" Firepond's "performance or failure to perform electronic and information technology services." We agree and affirm under 8th Cir. R. 47B.

_____

[3]Firepond, Inc., assigned this claim to Firepond Liquidating Trust.